UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEL HENDRIX,

    Plaintiffs,

v.                                        CASE NO: 8:10-cv-1042-T-23TGW

POLICE PROTECTION FUND, INC.,

    Defendant.

_____/

## **ORDER**

The plaintiff sues under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover overtime compensation. In accord with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)), the parties jointly move (Doc. 16) for approval of a settlement agreement.

The parties state that (a) the settlement compensates the plaintiff for the unpaid wages, liquidated damages, attorneys' fees, and costs claimed in the complaint; (b) the attached agreement includes every term and condition of the parties' settlement; (c) the parties settled in order to resolve the matter without incurring any further litigation cost; and (d) the settlement resolves bona fide disputes over both the numbers of hours worked. See Dees v. Hydradry, Inc., __ F. Supp. 2d __, 2010 WL 1539813 (M.D. Fla. Apr. 19, 2010). The settlement agreement (Doc. 14-1) provides that the defendant will pay the plaintiff $2,500.00, which amount includes $1,250.00 for unpaid overtime wages and $1,250.00 for liquidated damages. Additionally, the defendant will pay $2,500.00

for attorneys' fees and costs, which the parties negotiated separately and without regard to the amount paid to the plaintiff.  See  Bonetti v. Embarq Mgmt. Co., __ F. Supp. 2d __, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).  These provisions appear reasonable.

However, the settlement agreement (Doc. 14-1) contains a pervasive general release, which "confers an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, __ F. Supp. 2d __, No. 8:09-cv-930-T-23TGW (M.D. Fla. Aug. 6, 2010) (order denying motion for approval of FLSA settlement). Accordingly, the parties' motion (Doc. 16) for approval of the settlement agreement is **DENIED**, and the settlement agreement (Doc. 16-1) is **REJECTED**.  On or before **Friday, August 20, 2010**, the parties must either (1) move for approval of an amended settlement agreement or (2) submit a case management report proposing an amended case management schedule.

ORDERED in Tampa, Florida, on August 6, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE